**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **KEVIN LAVELT FREEMAN,** | ) | **Civil Action No. 7:13-cv-00256** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **N.R.A.D.C.,** | ) | **By:** **Hon. Michael F. Urbanski** |
| **Defendant.** | ) | **United States District Judge** |

Kevin Lavelt Freeman, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as the sole defendant the Northwestern Regional Adult Detention Center ("Jail"). Plaintiff complains about conditions of confinement at the Jail and the restrictions imposed for an institutional conviction. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the Complaint without prejudice as frivolous.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). Although the court liberally construes <u>pro se</u> complaints, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, <u>sua sponte</u> developing statutory and constitutional claims not clearly raised in a complaint. <u>See</u> <u>Brock v. Carroll</u>, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). <u>See also</u> <u>Gordon v. Leeke</u>,

574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff names the Jail as the sole defendant, and attempting to impose § 1983 liability on a correctional facility constitutes an indisputably meritless legal theory. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992) ("In addition to the fact that the jail is not a person under § 1983, the jail itself is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail."). Accordingly, the court dismisses the Complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: June 26, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge